Michelle A. Gardner
MAG HOLDINGS TRUST FOR M.L. WICKS
Beneficiary of the Southern Pacific Railroad
MARIANO ESCOBEDO 134 CP.22704. LERDO DE TEJADA
REFORMA (ROSARITO). C.P. 22704 ROSARITO, BC.
52 ~~126~~--~~646~~- 2159 and 213 314 9182
646 126

FILED
OCT - 9 2026
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY ______ DEPUTY CLERK

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

MAG HOLDINGS TRUST, as Successor In Interest and Beneficiary to the Estates of M.L. WICKS and JENNIE L. WICKS, Michelle Artice Gardner

Plaintiff,

.COMMUNITY REDEVELOPMENT AGENCY OF THE CITY OF LOS ANGELES CALIFORNIA CITY OF LA VERNE, CALIFORNIA; MAGUIRE PROPERTIES ONE BUNKER HILL; KANE, BALLMER & BERKMAN; QUALITY LOAN SERVICE CORPORATION; SAN PABLO AND TULARE RAILROAD COMPANY; SOUTHERN PACIFIC RAILROAD COMPANY; MAGUIRE PROPERTIES REGENT SQUARE, LLC; GILCHRIST & RUTTER, PROFESSIONAL CORPORATION; ROBERT F. MAGUIRE III; JAMES A. THOMAS; and NELSON C.RISING ESTATE,MAGUIRE PROPERTIES REGENT SQUARE LLC 1733 OCEAN AVE ,Marjorie Nemzura. individually,FIDELITY NATIONAL TITLE INSURANCE COMPANY KNOWN AS FMR AND Does 1 through 100, inclusive,

Defendants.

CASE NUMBER .: 2:26cv 3531 DAD AC (PS)

OMNIBUS COMPLAINT FOR DECLARATORY RELIEF, QUIET TITLE, RECONSTRUCTED ACCOUNTING, FRAUDULENT CONVERSION STATUTORY RECOVERY OF LITIGATION EXPENSES AND DAMAGES UPON DISMISSAL OF RIGHT TO TAKE, RULE 70, ENFORCING A JUDGMENT OBTAINING A WRIT OF EXECUTION OR SEQUESTRATION

**COMPLAINT FOR DECLARATORY RELIEF, QUIET TITLE, RECONSTRUCTED ACCOUNTING, FRAUDULENT CONVERSION, STATUTORY RECOVERY OF LITIGATION. EXPENSES, AND DAMAGES UPON DISMISSAL OF RIGHT TO TAKE**

Plaintiff **MAG HOLDINGS TRUST**, acting in its capacity as the sole authorized representative, assignee, and successor in interest to the ancestral land patents, unexpired ninety-nine year commercial leaseholds, and structural infrastructure titles of Moses Langley Wicks and Jennie

L. Wicks, brings this action against the above-named Defendants, and alleges as follows:

**PARTIES AND JURISDICTION**

Plaintiff **MAG HOLDINGS TRUST** is an active trust entity operating under the formal statutory frameworks of the State of California, managing devolved claims, historical land patents, and long-term leasehold interests. Plaintiff is the designated successor in interest to the rights, titles, and property distributions originally vested in M.L. Wicks and Jennie L. Wicks, specifically acting under authorized asset coordination to correct cross-jurisdictional real property records.

Defendant **COMMUNITY REDEVELOPMENT AGENCY OF THE CITY OF LOS ANGELES, CALIFORNIA** is a public administrative entity operating within the County of Los Angeles, responsible for historical condemnation proceedings, property acquisitions, and the management of registry deposits tied to downtown infrastructure networks.

Defendant **CITY OF LA VERNE,** CALIFORNIA is a municipal corporation organized under the laws of the State of California, located within the eastern San Gabriel Valley, holding territorial jurisdiction over water infrastructure, pipeline easements, and localized parcels subject to historical eminent domain tracking.

Defendant **MAGUIRE PROPERTIES ONE BUNKER HILL** is a commercial real estate entity operating within downtown Los Angeles, participating in structural developments, asset transfers, and subsequent financing arrangements that overlay the historical leaseholds and land tracts of the Wicks estates.

Defendant **KANE, BALLMER & BERKMAN** is a professional legal corporation practicing within the State of California, acting as specialized counsel in municipal redevelopment, eminent domain acquisitions, and fund tracking systems.

Defendant **QUALITY LOAN SERVICE CORPORATION** is a foreclosure trustee entity operating within the State of California, engaged in non-judicial foreclosure pipelines, asset sales, and

trustee title transfers under Trustee Sale Number CA-26-1034761-NJ.

Defendant **SAN PABLO AND TULARE RAILROAD COMPANY** is a historical and operational railroad utility corporate entity holding underlying rights-of-way, franchise interests, and linear land corridors traversing the counties of Contra Costa, San Joaquin, and Tulare within the State of California, heavily intertwined with early Southern Pacific infrastructure networks.

Defendant **SOUTHERN PACIFIC RAILROAD COMPANY** is a commercial railroad corporation organized under the laws of the State of California, original grantor and covenanting party to the land right-of-way infrastructure positions inherited and managed by the successors to M.L. Wicks.

Defendant **MAGUIRE PROPERTIES REGENT SQUARE, LLC** is a commercial development entity managing holdings located at 1733 Ocean Avenue, Santa Monica, California 90401, operating in coordination with affiliated Maguire corporate frameworks to manipulate, encumber, and cloud the historical real property interests of the Wicks estates.

Defendant **GILCHRIST & RUTTER, PROFESSIONAL** CORPORATION is a legal services entity operating within the State of California, acting as active architectural accomplices, real estate strategists, and transactional instruments across all corporate dealings, asset conversions, and property configurations initiated by the Maguire entities.

Defendant **ROBERT F. MAGUIRE III is** an individual and corporate operative executing real estate certifications, master development proposals, and operational assignments at 1800 Century Park East, Los Angeles, California 90067, directly participating in the structural defaults and title clouds underlying this action.

Defendant JAMES A. THOMAS is an individual real estate partner, venture co-developer, and commercial associate of Robert F. Maguire III, operating under joint authority, operational assignments, and continuous corporate partnerships extending up until the designated

dissolution date of December 31, 2034.

The true names and capacities of Defendants sued herein as Does 1 through 100, inclusive, are currently unknown to Plaintiff, who therefore sues them by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained.

Venue is proper in this court because the real property interests, infrastructure assets, historical court deposits, and underlying transactions occurred primarily within the County of Los Angeles, and the properties subject to these quiet title actions are situated within this judicial district or represent cross-jurisdictional infrastructure extensions managed under a unified trust administration.

## GENERAL ALLEGATIONS

This action arises from a systematic breakdown in the tracking, accounting, and disbursement of public funds deposited into the court registry during historical eminent domain and condemnation proceedings, which directly overlay ancestral land grants, 500 acres of agricultural land in San Joaquin County including Mandeville Island corridors, regional water rights, and localized linear infrastructure networks.

Moses Langley Wicks acquired extensive real property portfolios, railroad right-of-way grants, and commercial leaseholds from the Southern Pacific Railroad Company and its operating subsidiaries—including the San Pablo and Tulare Railroad Company—in the late nineteenth century, which were subsequently solidified and cured via Cash Patent Entry No. 5565 and Federal Public Law 95-586.

A portion of these interests devolved into the Moye Jarvis Wicks Trust and the Wicks Family Trust II, which have continuously maintained active ninety-nine year commercial leaseholds across prime commercial sectors, water ditch systems, and linear transit pathways in Southern California and extending into Northern California industrial corridors.

In Los Angeles Superior Court Case Nos. C549524 and C549523, titled The Community Redevelopment Agency of the City of Los Angeles v. The Heirs or Devisees of Jennie L. Wicks, et al., a foundational sum of 997,000.00 dollars was formally deposited into the court registry to secure compensation for targeted takings of Wicks infrastructure parcels and structural property rights.

While a partial release of 31,566.47 dollars on deposit from Case No. C549524 was judicially sanctioned by Order of Judge Michelle Rosenblatt on May 24, 2013, the primary capital balances—specifically the 997,000.00 dollars associated with the eminent domain actions—have gone completely missing from the court registry.

The condemnation proceedings in Case No. C549523 were ultimately dismissed, resulting in a total dismissal and defeat of the public entity's right to take the subject property interests. Pursuant to California Code of Civil Procedure Sections 1268.610 and 1268.620, such dismissal creates an absolute statutory obligation for the awarding of litigation expenses and damages to the respondents.

Instead of completing a lawful ledger balance disbursement, the 997,000.00 dollars on deposit was improperly retrieved, withheld, or converted by unverified depositors and corporate developers. Simultaneously, under Eminent Domain Case No. EAC74913 involving the City of La Verne and real property security records under Book Two of Patents, Pages 292 and 293, parallel takings occurred without proper reporting or statutory accounting to the designated successors of the underlying title.

The operations managed at One Bunker Hill and 1733 Ocean Avenue, alongside corporate defaults initiated by related real estate developers, directly impacted the integrity of the Wicks Ranch structures, leading to unauthorized title transformations and wild deed recordings in the foreclosure pipeline.

## OMNIBUS MASTER PROPERTY DESCRIPTIONS & PATENT RECORDS

The real property interests, active 99-year leaseholds, and ancestral claims subject to this action encompass five distinct geographic operational assets, explicitly detailed as follows:

**PARCEL ONE: THE RODEO WATERFRONT & INDUSTRIAL REAL PROPERTY**

All that certain real property situated in the unincorporated community of Rodeo, County of Contra Costa, State of California, legally described as:

Real property located at 836 Mariposa Avenue, Rodeo, California 94572, more particularly identified as Assessor's Parcel Number 357-111-011, encompassing the structural improvements, waterfront access positions, and unexpired ninety-nine year commercial leaseholds originally reserved by M.L. Wicks.

This parcel is directly subject to the underlying operational right-of-way and infrastructure title positions originally established by the San Pablo and Tulare Railroad Company, forming an unbroken logistical corridor connecting maritime access routes to interior transit junctions.

This asset is explicitly protected against non-judicial foreclosure transfers under current Trustee Sale Number CA-26-1034761-NJ.

**PARCEL TWO: THE SAN JOAQUIN AGRICULTURAL AND RECLAMATION TRACTS**

All that certain real property situated in the County of San Joaquin, State of California, legally described as:

A tract of land encompassing 500 contiguous acres located within Section Fifteen (15) and Section Seventeen (17), Township Three (3) South, Range Fourteen (14) West, San Bernardino Meridian, extending into and explicitly containing the linear right-of-way corridors, water management channels, and levee networks situated upon Mandeville Island.

This parcel is tied to Ancestral Land Patent Records registered in Book Two of Patents, Pages 292 and 293, containing the foundational agricultural land distributions and water reclamation

rights originally confirmed to Jennie L. Wicks.

**PARCEL THREE: THE CITY OF LA VERNE MUNICIPAL INFRASTRUCTURE PARCELS**

All that certain real property situated in the City of La Verne, County of Los Angeles, State of California, legally described as:

The water ditch networks, municipal pipeline easements, and localized infrastructure strips located in the eastern San Gabriel Valley, sitting north of the Pomona (60) Freeway and adjacent to the borders of San Dimas and the Cal Poly Pomona campus, within Section Twenty (20), Township One (1) South, Range Nine (9) West, San Bernardino Meridian.

This parcel represents the focal point of the municipal takings, condemnation litigation, and unpaid property values litigated under Eminent Domain Case Number EAC74913.

PARCEL FOUR: THE LOS ANGELES URBAN RIGHT-OF-WAY AND UNION STATION CORES

All that certain real property situated in the City of Los Angeles, County of Los Angeles, State of California, legally described as:

The linear transit right-of-way strips, sub-surface utility tracts, and structural foundation elements tying the Alameda corridor directly into the historic Union Station terminal footprint in downtown Los Angeles.

This infrastructure core is directly linked to the missing 997,000.00 dollar court registry fund deposit under Los Angeles Superior Court Case Numbers C549524 and C549523, representing the physical takings executed by the Community Redevelopment Agency of the City of Los Angeles.

**PARCEL FIVE: THE TULARE RAILROAD CROSSING CORRIDORS**

All that certain real property situated in the County of Tulare, State of California, legally described as:

The historical linear right-of-way tracks, operational switches, and bridge infrastructure

segments originally laid out and constructed under the charter of the San Pablo and Tulare Railroad Company, traversing the central agricultural valleys to provide an interconnected shipping pipeline to the Rodeo waterfront terminals.

This parcel is subject to the long-term industrial leaseholds and joint operating agreements executed between M.L. Wicks and the historical executives of the Southern Pacific Railroad Company network.

**FIRST CAUSE OF ACTION**

(Quiet Title Against All Defendants)

Plaintiff realleges and incorporates by reference all previous paragraphs as though fully set forth herein.

Plaintiff **MAG HOLDINGS TRUST** is the rightful holder of fee simple titles, devolved contractual interests, and active ninety-nine year commercial leaseholds covering the ancestral parcels in Contra Costa County (Rodeo), Los Angeles County (La Verne and Union Station Core), San Joaquin County (Mandeville Island), and Tulare County.

Defendants, and each of them, claim an interest adverse to Plaintiff in these properties through unauthorized eminent domain actions, uncompleted condemnation disbursements, corporate asset manipulation at 1733 Ocean Avenue, and wild deed foreclosures.

Plaintiff seeks a judicial decree establishing that MAG HOLDINGS TRUST holds clear, marketable title to these interests, and that Defendants have no right, title, or interest whatsoever in the subject properties or the associated infrastructure networks.

SECOND CAUSE OF ACTION

(Reconstructed Accounting Against All Defendants)

Plaintiff realleges and incorporates by reference all previous paragraphs as though fully set forth herein.

Defendants **COMMUNITY REDEVELOPMENT AGENCY, CITY OF LA VERNE,** KANE, **BALLMER & BERKMAN, ROBERT F. MAGUIRE** III, and **JAMES A. THOMAS** maintained exclusive administrative control over the condemnation funds, court deposits, corporate entities, and ledger records for Case **Nos. C549524, C549523, and EAC74913.**

A balance of 997,000.00 dollars was deposited for the benefit of the true title holders, but the full disposition, interest calculation, and withdrawal history of these missing funds remain hidden from the true beneficiaries.

. CAUSE OF ACTION

(Statutory Right to Litigation Expenses and Damages Under CCP §§ 1268.610 & 1268.620 Against Defendant Community Redevelopment Agency)

Plaintiff realleges and incorporates by reference all previous paragraphs as though fully set forth herein.

The eminent domain and condemnation actions initiated under Los Angeles Superior Court Case No. C549523 were formally dismissed, terminating the public entity's right to take the subject infrastructure holdings and land tracts of the Wicks estates.

Pursuant to California Code of Civil Procedure Section 1268.610, upon the dismissal of an eminent domain proceeding, the court shall award the defendant their litigation expenses, including reasonable attorney's fees, appraisal fees, and fees for the services of other experts.

Pursuant to California Code of Civil Procedure Section 1268.620, upon the dismissal of an eminent domain proceeding, the court shall award the defendant all damages proximately caused by the proceeding and its dismissal, including any loss of use or market value impairment.

As the designated successor in interest and beneficiary of the respondent estates, Plaintiff is statutorily entitled to the immediate calculation, recovery, and payment of all litigation expenses

and proximity damages stemming from the failed taking, plus interest from the initial filing dates.

**FOURTH CAUSE OF ACTION**

(Declaratory Relief Against All Defendants)

Plaintiff realleges and incorporates by reference all previous paragraphs as though fully set forth herein.

An actual controversy exists between Plaintiff and Defendants concerning the current validity of the active ninety-nine year commercial leaseholds, the location and restoration of the missing 997,000.00 dollar court registry fund, and the statutory liability of the Defendants under the dismissed condemnation filings.

Plaintiff desires a judicial declaration that the active ninety-nine year leaseholds remain in full force and effect, that **MAG HOLDINGS TRUST** is the sole authorized entity entitled to recover the missing 997,000.00 dollar deposit along with statutory damages under CCP §§ 1268.610 and 1268.620, and that all current foreclosure actions under Trustee Sale No. CA-26-1034761-NJ must be stayed pending final resolution.

PRAYER FOR RELIEF VERIFIED COMPLAINT

Wherefore, Plaintiff requests judgment against Defendants, and each of them, as follows:

1. For a decree quieting title in favor of Plaintiff MAG HOLDINGS TRUST as to all described real property, infrastructure assets, and active ninety-nine year commercial leaseholds;
2. For an order directing a complete reconstructed accounting of all registry deposits, interest accrued, and missing funds retrieved under Case Nos. C549524, C549523, and EAC74913;
3. For an award of all litigation expenses, including reasonable attorney's fees and expert fees, pursuant to California Code of Civil Procedure Section 1268.610;

4. For an award of all proximity and positional damages caused by the failed condemnation proceedings pursuant to California Code of Civil Procedure Section 1268.620;

5. For a declaration that the active ninety-nine year leaseholds are valid, active, and superior to any subsequent encumbrances or foreclosure pipelines;

6. For the recovery of the missing 997,000.00 dollar eminent domain funds on deposit, plus all lawful interest from May 29, 1985, to the date of disbursement; and Application Rule to

7. For such other and further relief as the Court deems just and proper.

Dated: October 3, 2026

By: **MAG HOLDINGS TRUST, Plaintiff**

______________________

## OMNIBUS MASTER PROPERTY DESCRIPTIONS & PATENT RECORDS

The real property interests, active 99-year leaseholds, and ancestral claims subject to this action encompass five distinct geographic operational assets, explicitly detailed as follows:

**PARCEL ONE: THE RODEO WATERFRONT & INDUSTRIAL REAL PROPERTY**

All that certain real property situated in the unincorporated community of Rodeo, County of Contra Costa, State of California, legally described as:

Real property located at 836 Mariposa Avenue, Rodeo, California 94572, more particularly identified as Assessor's Parcel Number 357-111-011, encompassing the structural improvements, waterfront access positions, and unexpired ninety-nine year commercial leaseholds originally reserved by M.L. Wicks.

This parcel is directly subject to the underlying operational right-of-way and infrastructure title positions originally established by the San Pablo and Tulare Railroad Company, forming an unbroken logistical corridor connecting maritime access routes to interior transit junctions.

This asset is explicitly protected against non-judicial foreclosure transfers under current Trustee Sale Number CA-26-1034761-NJ.

**PARCEL TWO: THE SAN JOAQUIN AGRICULTURAL AND RECLAMATION TRACTS**

All that certain real property situated in the County of San Joaquin, State of California, legally described as:

A tract of land encompassing 500 contiguous acres located within Section Fifteen (15) and Section Seventeen (17), Township Three (3) South, Range Fourteen (14) West, San Bernardino Meridian, extending into and explicitly containing the linear right-of-way corridors, water management channels, and levee networks situated upon Mandeville Island.

This parcel is tied to Ancestral Land Patent Records registered in Book Two of Patents, Pages 292 and 293, containing the foundational agricultural land distributions and water reclamation

rights originally confirmed to Jennie L. Wicks.

**PARCEL THREE: THE CITY OF LA VERNE MUNICIPAL INFRASTRUCTURE PARCELS**

All that certain real property situated in the City of La Verne, County of Los Angeles, State of California, legally described as:

The water ditch networks, municipal pipeline easements, and localized infrastructure strips located in the eastern San Gabriel Valley, sitting north of the Pomona (60) Freeway and adjacent to the borders of San Dimas and the Cal Poly Pomona campus, within Section Twenty (20), Township One (1) South, Range Nine (9) West, San Bernardino Meridian.

This parcel represents the focal point of the municipal takings, condemnation litigation, and unpaid property values litigated under Eminent Domain Case Number EAC74913.

PARCEL FOUR: THE LOS ANGELES URBAN RIGHT-OF-WAY AND UNION STATION CORES

All that certain real property situated in the City of Los Angeles, County of Los Angeles, State of California, legally described as:

The linear transit right-of-way strips, sub-surface utility tracts, and structural foundation elements tying the Alameda corridor directly into the historic Union Station terminal footprint in downtown Los Angeles.

This infrastructure core is directly linked to the missing 997,000.00 dollar court registry fund deposit under Los Angeles Superior Court Case Numbers C549524 and C549523, representing the physical takings executed by the Community Redevelopment Agency of the City of Los Angeles.

**PARCEL FIVE: THE TULARE RAILROAD CROSSING CORRIDORS**

All that certain real property situated in the County of Tulare, State of California, legally described as:

The historical linear right-of-way tracks, operational switches, and bridge infrastructure

segments originally laid out and constructed under the charter of the San Pablo and Tulare Railroad Company, traversing the central agricultural valleys to provide an interconnected shipping pipeline to the Rodeo waterfront terminals.

This parcel is subject to the long-term industrial leaseholds and joint operating agreements executed between M.L. Wicks and the historical executives of the Southern Pacific Railroad Company network.

______________________________

MAG HOLDINGS TRUST FOR M..L. WICKS
BENEFICIARY OF SOUTHERN PACIFIC RAILROAD